## In re MARRIAGE OF Russell James COLLINGWOOD and Susan Arlene Collingwood.

**Upon the Petition of Russell James Collingwood, Appellee,**

**and Concerning Susan Arlene Collingwood, Appellant.**

No. 89–1471.

Court of Appeals of Iowa.

July 26, 1990.

Sharon A. Mellon of Mellon & Spies, Iowa City, for appellant.

Patricia C. Kamath, Iowa City, for appellee.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

The parties, Susan and Russell Collingwood, were married in 1978. They have

two children, a boy born in September 1982 and a girl born in July 1986.

Russell is a farmer, working in partnership with his parents on a family farm. Susan is trained as a teacher. However, she has not practiced that vocation since early in the marriage, allegedly at Russell's request, but she now desires to resume it. She has been unable to find a teaching job, however, and is presently working in the admissions office of the University of Iowa.

The couple lived on the family farm from their marriage until their separation in 1988. They occupied the main farmhouse, while Russell's parents lived in a residence a short distance away.

The paternal grandparents have developed a caring relationship with the two children, including frequently providing day care services. The grandmother often came to the Collingwood's home to take care of the children and help with housekeeping chores. After the parties' separation, the children spent the days with their grandmother while their father, Russell, was engaged in farm work. Russell would come to his mother's house each day at noon for lunch with the children.

Prior to the birth of the second child in 1986, Susan was the primary caretaker for the older child. However, following the birth of the younger child Susan suffered from a variety of medical problems for over two years. Shortly after the birth she was diagnosed as having thrombophlebitis in both legs; this condition required "veinstripping" surgery in both legs. In addition, she suffered from postpartum depression; this depression was aggravated by Epstein–Barr virus (chronic long-term mononucleosis), which Susan probably contracted during her hospitalization for vein surgery. Finally, in May 1988, when Susan seemed about to recover from these maladies, she suffered a compound leg fracture which immobilized her for several months. The parties separated about the time she recovered from the fracture.

When Susan became ill after the birth of the second child, Russell took a more active role in the details of child care. He also relied heavily on his parents and hired persons to provide child care and household services.

After the parties' separation, the paternal grandparents became more involved in caring for the children. The children spent the days with their grandmother while their father, Russell, was working in the fields. Russell would come to his mother's house each day at noon for lunch with the children. They would return to the family home down the road with their father each evening.

After the separation, Susan moved to an apartment in Williamsburg. Unable to find a job teaching, she worked in the admissions office at the University of Iowa. She had a forty-five minute commute each way. She was unsure of where she would be living in the future, as she was still looking for a teaching position.

Extensive psychological evaluations of both the parents and children were done prior to trial. While both parents had some personal problems, either would make a good parent. The children were found to be well adjusted.

After trial, the district court placed the children in joint legal custody and in Russell's primary physical care. The district court found both parties are good parents and can provide adequate homes for the children. The court characterized the custody decision as difficult. The court acknowledged Russell can provide a stable home on the family farm, is unlikely to change his residence to accept employment, and can give the children close contact with their paternal grandparents, with whom they have an established warm relationship.

Susan has appealed from the dissolution decree. She contends the children should be placed in her physical care rather than Russell's physical care.

Susan does not challenge the decree's primary economic provisions. She does argue, however, the district court should have awarded her attorney's fees of $4,500.

She also requests attorney's fees on appeal.

Our opinion is de novo. Iowa R.App.P. 4. We are not bound by the trial court's factual findings, but give weight to them. Iowa R.App.P. 14(f)(7).

 The sole issue presented on appeal is whether the district court erred in granting physical custody of the two children to Russell. The court's major concern in custody cases is the best interest of the children. The objective is placement in an "environment most likely to bring the children to healthy physical, mental, and social maturity." *Labert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988).

The factors considered in awarding custody are enumerated in Iowa Code § 598.41(3) and in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974), and need not be listed here. They include the educational, emotional, material, and social needs of the children.

We recognize this case presents a close question. Both parents are dedicated to providing for their children. These children have grown and developed well.

Upon reviewing the record, it is clear the district court decided this case within its mandate to protect and advance the best interests of the children. In a thoughtful and well reasoned opinion, the lower court carefully examined the facts and circumstances surrounding this case. The trial court's finding of fact and conclusions of law demonstrates its comprehensive understanding of the underlying emotions and problems.

Weighing all the evidence on balance, we agree the long-term stability of the father tips the scale in favor of placement of the children with Russell. The children have spent all their lives to the present on the farm. Russell is satisfied with his life as a farmer and fully intends to remain on the family farm. Russell's parents reside nearby, and provide the children with loving care and the warmth of an extended family.

Russell is emotionally stable and cares for his children. His occupation will keep him in one locale in the future. He works in an environment where he can be physically with his children daily. His income is adequate to provide for their basic needs.

Additionally, the record reflects Russell is willing to cooperate with Susan in securing liberal visitation rights for the children. There is some evidence of Susan's reluctance to fully cooperate in this regard.

We affirm the district court awarding physical custody to the father, Russell Collingwood.

 Appellant's request for attorney fees is denied. As she is to receive a $20,000 property settlement, plus $5,000 a year for the next several years, the appellant will have adequate resources for her attorney fees. Each party is to pay his or her own attorney fees.

The costs of this appeal are assessed against appellant Susan Collingwood.

AFFIRMED.